**HARTEL et al. v. DISHMAN.**

No. 3284.

Court of Civil Appeals of Texas. Beaumont.

April 22, 1938.

Rehearing Denied May 4, 1938.

W. R. Blain and David E. O'Fiel, both of Beaumont, for plaintiffs in error.

W. O. Bowers, Jr., and W. C. Ross, Jr., both of Beaumont, for defendant in error.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellants and appellee.

On the 15th day of April, 1936, Stuart R. Smith deeded to appellee, H. E. Dishman, an undivided interest in the Claiborne West league in Orange county, warranted in the deed "to be not less than an undivided 350 acre interest." Mr. Smith held title to a part of the land conveyed by him to appellee by, through, and under Mrs. Martha A. Van Auken, who conveyed to him her interest in the land as an "undivided interest."

On the 17th day of August, 1927, at that time owning the undivided interest conveyed by her to Mr. Smith, Mrs. Van Auken executed a deed of trust on her interest to secure the payment of two notes, payable to the Geo. A. Barngrover Trust Estate; each note for the sum of $1,250, note No. 1 maturing on the 17th day of August, 1928, and note No. 2 on the 17th day of August, 1929. No place of payment was named in these notes. The deed of trust was duly recorded in the records of Orange county, and was of record when Mr. Smith acquired Mrs. Van Auken's title, and when he conveyed his title to appellee.

Appellants, A. J. Hartel et al., are the trustees of the Geo. A. Barngrover Trust Estate, and in their representative capacity, for the use and benefit of the Geo. A. Barngrover Trust Estate, instituted suit against Mrs. Van Auken in the district court of Jefferson county on her two notes as described above; this suit was instituted before the notes were barred by limitation. On the 25th day of September, 1933, the plaintiffs in that suit, appellants on this appeal, recovered judgment against Mrs. Van Auken in their Jefferson county suit for the sum of $2,750, with interest thereon at the rate of 8 per cent. per annum from the 17th day of August, 1927, and with foreclosure of the deed of trust lien executed by her on the 27th day of August, 1927.

Mrs. Van Auken never executed an extension and renewal of the notes, and appellants did not file in Orange county a lis pendens notice of their Jefferson county suit. There was nothing of record in Orange county to show that appellants had instituted their suit in Jefferson county, or that judgment had been rendered in the district court of Jefferson county on their debt and foreclosing their lien against Mrs. Van Auken.

On the day Mr. Smith deeded to appellee the undivided interest of 350 acres in the Claiborne West league—including the undivided interest he had purchased from Mrs. Van Auken—her notes to the Geo. A. Barngrover Trust Estate, on the face of the records of Orange county, had long since been barred by limitation; note No. 1 since the 17th day of August, 1932, and note No. 2 since the 17th day of August, 1933.

On the 8th day of May, 1936, appellants sued out an order of sale on their Jefferson county judgment against Mrs. Van Auken, and placed it in the hands of the sheriff of Orange county for execution. On the 8th day of December, 1936, appellee instituted this suit in the district court of Jefferson county—later, on plea of privilege, transferred to the district court of Liberty county—to enjoin appellants from executing this order of sale. He also prayed to be quieted in his title as against the claims of the Geo. A. Barngrover Trust Estate. For grounds of relief he pleaded the facts generally as stated above. He also attacked as void appellants' Jefferson county judgment against Mrs. Van Auken. The sheriff of Orange county was also named as a party defendant.

On the 4th day of March, 1927, on trial to the court without a jury, judgment was rendered in favor of appellee against appellant that he be quieted in all respects in his title to and possession of the land bought by him from Stuart R. Smith, as against appellants. The court also held void appellants' Jefferson county judgment against Mrs. Van Auken, and that the petition in that case, even as between the parties to that suit, was insufficient to toll the statutes of limitation. From that judgment appellants have duly prosecuted their appeal to this court.

■ For the purpose of this opinion, we concede that the filing of the Jefferson county suit against Mrs. Van Auken tolled the running of the statute of limitation as against her, and as against all persons who may have purchased her interest in the land with actual or constructive knowledge of the pendency of that suit. Article 5520, Vernon's Civ.St., before and subsequent to its amendment in 1931 by the 42d Leg., see Acts 1931, 42d Leg., p. 230, c. 136. The filing of that suit dispensed with the extension requirements of article 5522, and of article 5520 as amended by the 42d Leg. Discussing these articles prior to the amendment of article 5520, in Ater v. Knight, Tex.Civ.App., 218 S.W. 648, writ refused, the court said (page 652): "The articles of the statute just referred to would seem to indicate that when suit is brought such action will dispense with the extension provided for under the statute, and that the rules of law with reference to the running of the statute will not otherwise be affected." This court followed the Knight Case on that very point in Paddock v. Williamson, 9 S.W.2d 452, writ refused. Appellee insists that the amendment of article 5520 by the 42d Legislature changed the rule as announced in the Knight and Williamson Cases, but we cannot agree with that conclusion. The amendment brought forward as a part of article 5520 the substance of articles 5522 and 5523.

■ Our laws favor the record title. Anderson v. Barnwell, Tex.Civ.App., 52 S.W.2d 96. A purchaser of real estate is not required to go beyond the records of the county where the land is situated in his examination of the title. Frazier v. Tankersley, Tex.Civ.App., 272 S.W. 212, affirmed by Supreme Court, 285 S.W. 305. The Williamson Case, supra, does not question these propositions. In that case the claimants bought the timber in issue, relying upon the records of Montgomery county which showed that the lien against the timber was barred by limitation. Suit had been filed in Galveston county to foreclose the lien before they bought the timber and before the notes were barred by limitation; the claimants bought the timber without actual notice of the filing of that suit, and no lis pendens notice was filed in Montgomery county. Our holding in that case was based on our construction of the lis pendens article 6643, prior to its amendment by the 40th Legislature, c. 59, which read: "Such notice of pendency shall not be deemed constructive notice, but merely a memorandum that shall refer all intending purchasers and encumbrances to an examination of the court records and pleadings

to determine whether there is in fact a lis pendens concerning the real estate in question, and it shall be effective for such purpose from the time of its filing." In construing that article prior to its amendment, together with articles 6641 and 6642, we said in the Williamson Case (page 455): "So, the pending suit in the Galveston district court was constructive notice to appellees that the holder of the Bybee note had removed it from the operation of the statute of limitations, unless the plaintiff was required to file a lis pendens notice by the provisions of articles 6640-6643, R. S.1925. By the express provisions of article 6640, the plaintiff in a suit 'to enforce any lien' against real estate is required to file a lis pendens notice as protection against innocent purchasers. By article 6643, it is expressly provided that such notice 'shall not be deemed constructive notice.' Had a lis pendens notice been filed, it would have served merely to refer appellees to the court proceedings, and their examination would have done nothing more than disclose the Bybee deed of trust. Appellees had notice of that lien from the deed records of Montgomery county, and therefore plaintiff's petition would have disclosed nothing that appellees did not already know. The lis pendens statute does not deal with the rights of persons with actual or constructive notice of the claim asserted by the plaintiff in his pending suit which would constitute a burden against the title to the real estate involved. In other words, it is not the purpose of the lis pendens statute to give notice that a claimant of real estate has filed suit to assert his claim, but only that he has the claim."

The 40th Legislature, c. 59, amended article 6643, Vernon's Ann.Civ.St. art. 6643, to read: "All such notices of pendency shall be notice to all the world of their contents and that the suit or suits mentioned therein are pending, and such notices shall operate as soon as filed with the county clerk for record, as provided in this Chapter whether service has been had on the parties to said suit or not. (Acts 1905, p. 316; Acts 1927, 40th Leg., p. 83, ch. 59, § 1.)" This amendment abrogated the rule announced in the Knight and Williamson Cases. Under the amendment appellants were required to file in the records of Orange county a lis pendens notice of their Jefferson county suit, or to record in Orange county their judgment against Mrs. Van Auken foreclosing their lien. The purpose of the amendment was to give the purchaser of real estate, where a deed of trust has not been recorded, notice of the claim under the deed of trust, and also, where the deed of trust is of record and suit has been filed to foreclose the lien, out of the county where the land is situated, notice of the filing of the suit. Stayton's Method of Practice in Texas Courts, p. 86, § 93.

 But, if this construction of the lis pendens statutes be conceded, appellants say that appellee failed to allege that he purchased the land without notice of their suit. Of course, if appellee bought the land with knowledge that appellants had filed their Jefferson county suit, he was not an innocent purchaser. As he held the legal title, and as appellants failed to file their lis pendens notice, appellants rested under the burden of alleging and proving that he purchased with notice of the filing of their Jefferson county suit. Frazier v. Tankersley, supra; Marshburn v. Stewart, 113 Tex. 507, 254 S.W. 942, 260 S.W. 565.

It follows that the judgment of the lower court, quieting appellee in his title against all claims of appellants, should be affirmed, and it is so ordered. We express no opinion on that portion of the judgment holding void appellants' judgment against Mrs. Van Auken, as between them and her.