BRYAN W. PAYNE v. J. A. BRACKEN ET AL.

No. 7070.    Decided April 27, 1938.
(115 S. W., 2d Series, 903.)

*130 Texas 71.

*John S. Morris*, of Fort Worth, for plaintiff in error.

A corporation does not come into existence until the charter therefor has been filed in the Secretary of State's office, and the deed of a judgment debtor executed and filed prior to that time passes no title to the corporation, and if any title passed it was to the stockholders, and the judgment debtor being an incorporator and stockholder became a tenant in common and a judgment lien attached to his interest. Vineyard v. Heard, 167 S. W. 22; Wiehl v. Robertson, 37 S. W. 274; Wm. Cameron & Co. v. Truehart, 165 S. W. 58.

*Lasseter, Simpson & Spruiell*, of Tyler, for defendants in error.

A de facto corporation may legally do and perform every act and thing which the same entity could do or perform were it a de jure corporation, which includes the right to acquire and hold land. Wilson v. Reed, 74 S. W. (2d) 415; McLeary v. Dawson, 87 Texas 524, 29 S. W. 1044; 14 C. J. 217.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Prior to October 22, 1929, J. S. Kimbrough owned an undivided 3/32 interest in and to all oil, gas and other minerals in, on and under 40 acres of land in Van Zandt County. On the date mentioned Kimbrough, Van McPhail and J. D. Wiley associated themselves together for the organization of a corporation to be known as the East Texas Oil Corporation. They caused a charter to be prepared in due form, executed same, and im-

mediately forwarded it to the Secretary of State with proof concerning subscription to and payment of capital stock. On October 23, 1929, Kimbrough conveyed the mineral interest above mentioned to said East Texas Oil Corporation, and this conveyance was filed for record October 30, 1929. The consideration for the conveyance was the issuance by the proposed corporation of stock equal in value to the agreed value of the mineral interests. This stock was afterwards issued and delivered to Kimbrough. It would appear that this conveyance to the corporation was for the purpose of paying up subscription to capital stock to that extent.

The charter of the East Texas Oil Corporation was not actually filed by the Secretary of State until November 6, 1929. On November 5, 1929, that is one day before the filing of the charter, plaintiff in error filed abstract of judgment which he held against Kimbrough and one J. T. Miller in the county clerk's office of Van Zandt County, and same was properly indexed on that date.

On October 30, 1930, the corporation, the name of which had been changed to East Texas Petroleum Corporation, conveyed the mineral interest mentioned to J. A. Bracken. This suit was instituted in the district court of Van Zandt County by plaintiff in error Bryan W. Payne against J. A. Bracken and others. The purpose of the suit was to foreclose lien of the judgment, abstracted in the manner aforesaid, against the mineral interest previously owned by Kimbrough. Payne will be referred to as plaintiff. The theory of his case is that as the charter of the East Texas Oil Corporation had not been filed with the Secretary of State prior to the date that Kimbrough made his conveyance to the corporation, the deed was void for want of a grantee, and therefore his lien filed as of date November 5, 1929, attached before the filing of the charter on November 6, 1929; that as Kimbrough's deed passed no title to the corporation, its deed passed none to Bracken and those who held under him.

Plaintiff was denied recovery in the trial court, and the Court of Civil Appeals affirmed the judgment of the district court. 90 S. W. (2d) 607. The Court of Civil Appeals based its decision primarily upon the proposition that at the date of the conveyance to the East Texas Oil Corporation by Kimbrough that corporation then had a de facto existence and title passed to it. It was upon this point that writ of error was granted.

By order entered herein on October 14, 1936, the cause was

dismissed as to all defendants in error except J. A. Bracken, and he will be referred to as defendant.

1 We are not in accord with the holding of the Court of Civil Appeals to the effect that the East Texas Oil Corporation was on October 30, 1929, and prior to the date of the filing of its charter on November 6, 1929, a de facto corporation. As the judgment of the Court of Civil Appeals may be affirmed upon another proposition, we will not go into an extended discussion of the question. One of the essential tests as to the existence of a de facto corporation is a "colorable" attempt to form a corporation in accordance with the statutory requirements. This necessarily means that notwithstanding the attempt to follow the law, such attempt falls short of the formation of a de jure corporation. In the present instance there was not a colorable attempt, but a successful attempt, which attempt had not been, in due course, consummated at the date of the deed. In due time the corporation was formed in compliance with the law. The statute expressly provides that "the existence of the corporation shall date from the filing of the charter in the office of the Secretary of State." Article 1313, R. S. 1925. It is our conclusion that the opinion in the case of Bank of De Soto v. Reed, 50 Texas Civ. App. 102, 109 S. W. 256, is directly decisive of the question, and is sound.

2 However, as indicated above, we are of the opinion that the judgments of the trial court and Court of Civil Appeals are correct. It is well settled that the lien of a judgment creditor by virtue of filing abstract of his judgment extends only to such title as the debtor has, and is subject to all equitable rights of third persons. First State Bank of Amarillo v. Jones, 107 Texas 623, 183 S. W. 874; Blankenship v. Douglas, 26 Texas 225; Garrison v. Citizens National Bank, 25 S. W. (2d) 231 (writ ref.), and authorities there cited.

3 There can be no question but that the corporation, after coming into existence, and Bracken as vendee, could have recovered title to the property as against Kimbrough, the vendor; either by estoppel, or upon the ground that the conveyance at least constituted a contract to convey. The case of Wm. Cameron & Company v. Trueheart, 165 S. W. 58, relied upon by plaintiff, clearly recognizes this. The difference between that case and this, however, is that the lien sought to be enforced in that case was one given by the Constitution, and there was no contention that the equitable rights of the corporation were superior to that lien. In this instance the lien is a creature of statute and

could not be superior to the equitable rights of the corporation and its vendee.

4. But it is urged by plaintiff that the Court of Civil Appeals had no right to affirm the judgment of the trial court on the theory of estoppel, because defendant had not pleaded estoppel. If it were contended by defendant that plaintiff was estopped, there might be merit in this contention. There was no question of estoppel as to plaintiff. As plaintiff was seeking to enforce a judgment lien, the defendant could under his general denial, prove any matter tending to show that plaintiff had no enforceable lien. The lien being subject to equitable rights of the corporation and defendant, even if such equities consisted in part of the right to assert an estoppel as against Kimbrough, they could be established under the general denial without pleading the facts out of which they arose.

The right and duty of the Court of Civil Appeals and of this court to affirm a trial court's judgment, when tried without the intervention of a jury, even when based upon erroneous conclusions of law, is settled beyond question. 3 Tex. Jur., pp. 1129-1130.

The judgment of the Court of Civil Appeals as between plaintiff in error Bryan W. Payne and defendant in error J. A. Bracken is affirmed.

Opinion adopted by the Supreme Court April 27, 1938.