## GOLDENROD FINANCE CO. v. WARE.
### No. 11005.

Court of Civil Appeals of Texas. Galveston.

July 18, 1940.

Rehearing Denied Aug. 1, 1940.

Lewis & Ingram and Mrs. Lynne Tamborello, all of Houston, for appellant.

C. M. Wilchar, Jr., and Sam G. Croom, both of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 56th District Court of Galveston County, sitting without a jury, wherein the appellee, who was the defendant and cross-plaintiff below, was awarded the title to and possession of Lots 59 and 60 in Section 13 of the I. & G. N. Ry. Survey in Galveston County, comprising 20 acres of land, against the appellant, who was plaintiff and cross-defendant below, and wherein the appellant, as such plaintiff, was awarded title to and possession of the west ¾ of Lot 58 in such Survey, containing 7½ acres, but was denied any recovery upon its plea of damages against the defendant.

At appellant's request and pursuant to statutory requirement, the learned trial court filed, as in support of its judgment, findings of fact and conclusions of law that are so full and clear, in giving not only a comprehensive statement of the nature and result of the suit there, but in also containing such a controlling and correct statement of the issues of law presented upon the appeal here, that they are thus, in material substance, fully quoted:

"It was agreed that Walter E. Fruit and Julian E. Fruit was the common source of title.

"Plaintiff's Title.

"Plaintiff introduced in evidence the following instruments.

"G. W. Deed from Fruit and Fruit to W. B. Lewis covering the land involved and other lands, dated April 25, 1928, filed for record May 21, 1928, and recorded in Book 419, p. 133, deed records of Galveston County. Consideration $2000.00 cash.

"G. W. Deed from W. B. Lewis and wife to J. E. Sawhill, covering the same land conveyed by Fruit and Fruit to Lewis, dated April 28, 1928, filed for record May 21, 1928, and recorded in Book 419, page 133. Consideration $20,000.00, being $10,000.00 in cash and the execution and delivery of two promissory vendor's lien notes for the sum of $5000.00 each, payable to vendor W. B. Lewis.

"Sale and transfer from W. B. Lewis and wife to The Gray Realty Company of the two $5000.00 vendor's lien notes described in deed from Lewis and wife to J. E. Sawhill; dated April 28, 1928, filed for record May 21, 1928, and recorded in Book 410, page 456. Consideration $10,000.00 cash. The transfer reciting that it conveyed to The Gray Realty Company 'the said notes and said lien and all liens and titles held by them in and to the said land.'

"Sale and transfer from Gray Realty Company to R. E. R. Lloyd and wife of the two $5000.00 vendor's lien notes in question, dated May 4, 1928, filed for record December 29, 1928, and recorded in Book 415, page 629. Consideration $10,000.00 cash. The transfer reciting that it conveyed to Lloyd and wife said notes together with all the contract lien, vendor's lien, rights, equities, titles and interest in said land, which Gray Realty Company had by virtue of being the legal holder and owner of said notes.

"Lis pendens notice in cause No. 147,489, entitled T. A. Smith v. W. B. Lewis et al., pending in the District Court of Harris County, Texas; filed in the office of the County Clerk of Galveston County, Texas, on May 31, 1928, and recorded in Book 1, page 114.

"Lis pendens notice in cause No. 147,489, entitled T. A. Smith v. W. B. Lewis et al., pending in the District Court of Harris County, Texas; filed in the office of the County Clerk of Galveston County, Texas, on November 15, 1928, and recorded in Book 1, page 120.

"Certified copy of final judgment rendered by the District Court of Harris County, Texas, in said cause No. 147,489, entitled T. A. Smith v. W. B. Lewis et al., on the 4th day of November, 1930.

"Plaintiff also introduced in evidence certified copies of various pleadings filed in said cause No. 147,489, T. A. Smith v. W. B. Lewis et al., consisting of the following:

"Plaintiff Smith's Original Petition filed May 29, 1928.

"Original answer of Defendant J. E. Sawhill, filed June 29, 1928.

"Original answer of Defendant W. B. Lewis and Cross-action wherein he impleads W. C. Gray and Gray Realty Company, filed August 1, 1928.

"Plaintiff Smith's First Amended Original Petition filed March 16, 1929.

"Original Answer of Defendants W. C. Gray and wife and Gray Realty Company, filed April 15, 1929.

"Original Answer of Defendants R. E. R. Lloyd and wife, filed July 8, 1929.

"Second Amended Original Petition (?) of M. J. Huggins, filed Feb. 25, 1930. (M. J. Huggins evidently intervened in the cause. This pleading is styled her Second Amended Original Petition filed in lieu of all other pleadings theretofore filed by her in said cause; Plaintiff's attorney stated in open court to the trial court that they could locate no other or previous pleading by M. J. Huggins among the papers in cause No. 147,489).

"Plaintiff Smith's Third Amended Original Petition, filed July 12, 1930.

"Answer of Defendants R. E. R. Lloyd and wife, filed November 4, 1930. (This is the First Amended Original Answer for the Defendants Lloyds, but it is not so denominated).

"Certified copy of a temporary restraining order granted in cause No. 147,489, on May 29, 1928.

"Certified copy of a temporary injunction granted in cause No. 147,489 on June 2, 1928.

"Certified copy of a judgment rendered by the District Court of Harris County, Texas, in cause No. 147,509, entitled Roene Cage et al. v. W. B. Lewis et al., on July 18, 1928, wherein judgment was rendered in favor of Roene Cage and husband against W. B. Lewis and J. E. Sawhill for $4570.21, with foreclosure of a vendor's lien on certain property not involved in this suit.

"Execution and order of sale issued on said judgment, issued Sept. 1, 1928, together with Sheriff's return thereon showing the same to have been executed on September 6, 1928, by the sale of the property described in said order of sale, and resulting in a credit on said judgment of $2,932.35.

"Certified copy of the abstract of the judgment aforesaid showing same to have been filed for record in the office of the County Clerk of Galveston County, Texas, on September 29, 1928. The testimony of the County Clerk of Galveston County was that said abstract of judgment was properly indexed as against defendants W. B. Lewis and J. E. Sawhill and in favor of plaintiffs Cage and wife.

"Certified copy of Pluries Execution issued by the District Clerk of Harris County on the judgment aforesaid, issued October 6, 1934, to the Sheriff of Galveston County, commanding him to make out of the property of Defendants Lewis and Sawhill, the balance due on said judgment, to-wit, $1,637.86, together with the Sheriff's return thereon, showing that said pluries execution was executed on October 10, 1934, by the levy upon and sale of the property involved in the instant suit, to plaintiff Roene Cage. The levy and sale reciting that it was all interest owned in said property by defendants Lewis and Sawhill on October 10, 1934.

"Alias execution issued on said judgment to Sheriff of Harris County on October 3, 1928, returned 'not executed'.

"Sheriff's deed to Roene Cage, dated December 11, 1934, recorded June 11, 1936, conveying to her all title and interest in said property which the defendants Lewis and Sawhill had on October 10, 1934.

"Quit-Claim deed from Roene Cage to M. J. Huggins, dated March 6, 1939, covering the land involved and which she purchased at said sheriff's sale. G. W. Deed from M. J. Huggins to Goldenrod Finance Company conveying the land involved in this suit, dated February 15, 1937, filed for record May 5, 1937."

By virtue of the foregoing instruments and muniments of title, plaintiff Goldenrod Finance Company claims to deraign good and superior title to the land involved from the agreed common source, Fruit and Fruit.

Plaintiff also introduced in evidence the following instruments for the limited purpose of showing the cloud that defendant has cast upon its title and which it sued to remove:

"Original petition filed in cause No. 44,821, entitled R. E. R. Lloyd et al. v. J. E. Sawhill, in the District Court of Galveston County, Texas.

"Certified copy of final judgment rendered in cause No. 44,821, entitled R. E. R. Lloyd, et al. v. J. E. Sawhill, by the District Court of Galveston County, Texas, on January 12, 1929, whereby all title to the land involved in this suit was divested out of defendant J. E. Sawhill and title and right of possession vested in plaintiffs R. E. R. Lloyd and wife.

"G. W. deed from R. E. R. Lloyd and wife to J. M. Lowry conveying the land involved, dated February 14, 1929, filed for record March 7, 1929, and recorded in Book 429, page 456; recited consideration —$15,000.00 cash.

"G. W. deed from J. M. Lowry to J. E. Light conveying the land involved, dated March 21, 1929, filed for record April 29, 1929, and recorded in Book 423, page 505. Consideration—$10.00 and other valuable considerations.

"G. W. deed from J. E. Light to J. L. Grice conveying the land involved, dated April 12, 1929, filed for record April 26, 1929, and recorded in Book 427, page 469; consideration—$10.00 and other valuable considerations.

"G. W. deed from J. L. Grice to O. C. Baker conveying the land involved, dated August 10, 1929, filed for record August 14, 1929, and recorded in Book 431, page 537; consideration—$10.00 and other valuable considerations.

"G. W. deed from O. C. Baker to defendant herein, Elbert Ware, conveying the land involved, dated November 30, 1930, filed for record August 19, 1931, and recorded in Book 467, page 398; consideration—$10.00 and other valuable considerations.

"Defendant's Title.

"Defendant for the purpose of showing superior title in himself offered in evidence the following instruments:

"The deed from Fruit and Fruit to W. B. Lewis.

"The deed from W. B. Lewis to J. E. Sawhill reciting the execution and delivery by Sawhill of the two vendor's lien notes, to the order of vendor W. B. Lewis.

"The transfer of said notes by W. B. Lewis to Gray Realty Company.

"The transfer of said notes by Gray Realty Company to R. E. R. Lloyd and wife.

"First Amended Original Petition filed by the plaintiffs R. E. R. Lloyd and wife, on December 15, 1928, in cause No. 44,821, in the District Court of Galveston County, Texas, against J. E. Sawhill.

"Certified copy of final judgment rendered in said cause by the District Court of Galveston County, whereby all title to said land was divested out of the defendant J. E. Sawhill and invested in plaintiffs Lloyd and wife.

"He also introduced into evidence in the order named the deed from Lloyds to Lowry; from Lowry to Light; from Light to Grice; from Grice to Baker; and from Baker to defendant, Elbert Ware.

"Plaintiff contends in the trial court that the filing of the Smith suit in Harris County on May 29, 1928, (cause No. 147,-489) placed in litigation the validity of the deed from W. B. Lewis to J. E. Sawhill as well as the validity of the two vendor's lien notes recited in said deed; and that the filing of the first lis pendens notice in Galveston County on May 31, 1928, placed the world on notice that the deed and notes were in litigation and that all who dealt with said land or said notes after the filing of said notice did so subject to the judgment to be finally rendered in said cause. Plaintiff further contends that the filing of the second lis pendens notice in Galveston County on November 15, 1928, was further notice to all the world that said deed and said notes were in litigation and that all who dealt with said land or said notes did so subject to the judgment to be finally rendered in said cause.

"It is further contended by plaintiff that the filing of said lis pendens notices and the pleadings up to the date of the last notice (November 15, 1928) apprised Lloyd and wife, and all the world, that the validity of said vendor's lien notes was being litigated in said suit, and that Lloyds' position as an innocent purchaser for value of said notes was being disputed. And that consequently Lloyd had no legal right to go into the District Court of Galveston County and sue Sawhill for rescission and recovery of the title and possession of said land; that Lloyds' judgment thus obtained was void, and being void, Lloyd had no title he could convey to Lowry, and that defendant by reason of this principle deraigned no title from and under Lloyd.

"Plaintiff contends that the final judgment rendered by the District Court of Harris County in cause No. 147,489, had the effect of not only vacating and annulling the deed from Lewis to Sawhill, but also adjudged the two vendor's lien notes to be fraudulent and void and cancelled and annulled same; that said judgment further decreed that R. E. R. Lloyd and wife had no rights thereunder; that all title, right and interest in said land was divested out of Lloyd and wife and vested in M. J. Huggins, successor to the rights of W. B. Lewis. In other words, that the effect of said judgment was to place the vendor W. B. Lewis and his successor, M. J. Huggins, back in possession of the unincumbered title to said land free from all and any effect of his deed to Sawhill and the notes.

"Plaintiff also contends that if it be mistaken in the foregoing contention, then it has good and superior title to said land under Roene Cage; that the filing of the abstract of the Cage judgment in Galveston County on November 15, 1928, prior to the filing of the case of Lloyd v. Sawhill, fixed and established a lien on said property as the property of J. E. Sawhill, and that the title which Lloyd got by judgment of the District Court of Galveston County on January 12, 1929, was incumbered with Roene Cage's judgment lien; and that the levy and sale by the Sheriff of Galveston County under the pluries execution aforesaid wiped out whatever title Lloyd might have obtained by said judgment. That plaintiff now holds the title thus conveyed by the sheriff under said execution, levy and sale.

"A proper decision of this case requires an analysis and construing of the pleadings in the Harris County suit and a construing of the final judgment rendered therein; a construing of the two lis pendens notices and their legal effect; a determination of the rights of Lloyd as the owner and holder of the two vendor's lien notes, and the effect of the judgment obtained by him in the Galveston County suit; and the effect of the filing of the abstract of the Cage judgment, and the effect of the levy and sale under the pluries execution.

"All of these instruments will be before the appellate court for its consideration and for such legal construction as that court may think proper.

"The trial court has arrived at the following conclusions of law:

"1. That the filing of the abstract of the Cage judgment did not affect or abridge the right of the holder of the vendor's lien notes to sue on said notes and foreclose the lien, or in the alternative to sue for rescission and recover title to the

land. That the filing of said abstract merely created a lien on such interest or title that the defendant J. E. Sawhill had in said land at the time same was filed or that he might have thereafter acquired. Roene Cage had notice at the time she filed her abstract of judgment that Sawhill had only an executory contract to acquire title to the land, and that whatever title he had was consequent upon his paying off and discharging said purchase money vendor's lien notes. Her remedy was to pay off said notes if she desired to effectuate her lien.

"2. It is also the court's opinion and conclusion that the suing out of the pluries execution and the levy upon and sale of the property in question thereunder did not constitute a foreclosure of said abstract of judgment lien, nor a sale on execution based thereon. I am mindful of the numerous cases which hold that the holder of a judgment lien does not have to bring a suit to foreclose his lien, but may do so by execution. However, I do not think this line of cases apply where the judgment debtor merely sues out an ordinary alias or pluries execution directed to the sheriff directing him to make the sum of money in question out of any property of the defendant subject to execution, and under which the sheriff levies upon and sells such interest in the property selected as the defendant in judgment had on the date of said levy, as was done in the instant case. Such course shows no purpose or intention to rely upon the lien as fixed and established by the filing of the abstract of judgment.

"3. It is the trial court's opinion and conclusion that the lis pendens statute abolishes the common law rule of lis pendens, and that said statute is not intended to affect the purchase or dealing in negotiable vendor's lien notes or in any right of property flowing from such notes. This is my consruction of Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447. I do not think the 1927 amendment of the lis pendens statute was intended to alter the principle laid down in this case.

"4. Regardless of the soundness of this conclusion, it is the trial court's opinion and conclusion that neither the lis pendens notice filed May 31, 1928, or the one filed November 15, 1928, put Lloyd or his vendee, Lowry, on notice that the validity of the two vendor's lien notes in question was being litigated in the Harris County suit. Neither did the pleadings in said suit, until March 16, 1929, give any information that the validity of said notes was in litigation in said suit or was being questioned.

"5. The validity of the notes was first attacked in said suit on March 16, 1929, by the filing of plaintiff's First Amended Original Petition. Theretofore no mention had been made of said notes. By that pleading plaintiff made R. E. R. Lloyd and wife parties to the litigation and alleged that the execution and delivery of said notes by Sawhill to Lewis, and their transfer by Lewis to Gray Realty Company, and by Gray Realty Company to Lloyd and wife, was all in fraud of plaintiff, and that Lloyd was a party to said fraud and was not an innocent purchaser of said notes, and prayed that said notes and their attending lien be cancelled and annulled along with said deed from Lewis to Sawhill. This was several months after Lloyd had obtained the judgment in Galveston County for the Superior title retained in said deed to secure said notes, and after Lloyd had conveyed the land to Lowry. Lowry was never made a party to the Harris County suit.

"6. Assuming that our lis pendens statute affects the dealing in negotiable notes and the rights and remedies flowing therefrom, still it is this court's opinion and conclusion that the world is free to deal in and with such notes until notice is imparted by either the lis pendens notice or the pleadings in the suit to which said notice directs attention, that the validity of such notes has been attacked in such suit.

"7. That no such notice or information was imparted in this case by either the notices or the pleadings in the case, and that therefore Lloyd had a legal right to seek and obtain judgment in the Galveston County suit for rescission and recovery of the superior title as he did, and having obtained title to said land had the right to convey same to Lowry.

"8. And finally it is the opinion and conclusion of the trial court that the final judgment rendered in the Harris County suit on November 4, 1930, did not decree said notes vacated or annulled, and did not decree that said notes did not carry superior title to said land, and did not decree that Lloyd and wife were not innocent purchasers of said notes for value. But, on the other hand, it is the opinion and conclusion of this court that said

judgment expressly validated said notes and sustained Lloyd's claim of innocent purchaser.

"9. As I view the situation, there were four separate, independent and ultimate fact issues involved in the Harris County suit, growing out of the deed from Lewis to Sawhill. There were of course a number of other issues involved in that suit relative to property and matters not germane to this deed transaction.

"The four separate and independent issues referred to were, (1) the validity of the deed from Lewis to Sawhill; (2) the validity of the purchase money notes executed and delivered by Sawhill to Lewis; (3) the bona fides of the purported sale and transfer of the notes from Lewis to Gray Realty Company; and (4) the bona fides of the purported sale and transfer of the notes from Gray Realty Company to R. E. R. Lloyd and wife. The notes had purportedly been sold and transferred by Lewis to Gray Realty Company, and by Gray Realty Company to Lloyds prior to the institution of Smith's suit to cancel the deed. And in this connection I find and conclude as a matter of fact and law that the written transfer of said notes from Gray Realty Company to Lloyds was executed and delivered on May 4, 1928, as said transfer indicates on its face to have been.

"10. The last three of these issues were injected into the Harris County litigation, but not until the 16th day of March, 1929, when Lloyds were brought in and the validity of the notes, and the bona fides of Lloyds' acquisition thereof, was for the first time questioned. Prior to this date only the validity of the deed had been placed in issue in said suit.

"Prior to this date Lloyds had by judgment of the District Court of Galveston County recovered the superior title to said land inhering in said notes, and had sold and conveyed the land to Lowry. All this was shown of record in Galveston County on and prior to the 16th day of March, 1929.

"11. On July 8, 1929, Lloyd and wife filed an answer setting up Mrs. Lloyd's coverture; demurred and excepted to plaintiff's and cross-plaintiff's pleadings on file; questioned the jurisdiction of the court and pleaded a general denial.

"On November 4, 1930, the date judgment was rendered, Lloyd and wife filed a second answer in which they disclaimed all right, title and interest in and to all the land described in plaintiff's petition. Said answer also contained a general demurrer; a general denial; and a prayer that plaintiff take nothing as against them. It also contained an allegation that they purchased the vendor's lien notes for value before maturity and without knowledge of any defect or vice therein, and prayed to be discharged with their cost.

"12. The judgment rendered in said Harris County suit on November 4, 1930, specifically cancelled and annulled the deed from Lewis to Sawhill and divested out of all defendants all title to said land and vested title and right of possession as to ten acres of said land in plaintiff Smith, and title to the remaining 35 acres in M. J. Huggins. It specifically awarded damages to plaintiff Smith in the sum of $3,500.00 against all defendants save and except defendants Lloyd and wife. It specifically awarded damages to intervenor M. J. Huggins in the sum of $23,643.00 against defendant J. E. Sawhill. It dismissed the defendant Mrs. W. C. Gray from the suit, and awarded Lloyd and wife judgment for their costs against plaintiff.

"The judgment concludes: 'All issues against all parties not herein specifically disposed of are adjudged against the parties raising such issues'.

"13. If the lis pendens notices filed in Galveston County in connection with the Harris County suit had the legal effect of placing Lloyd and Lowry, and all those holding under them, on notice that Lloyd's filing of the Galveston County suit and its prosecution to judgment, and his subsequent sale of the land to Lowry and by Lowry to others, were all subject to nullification by the judgment to be finally rendered in the Harris County suit, then in such event, it is the opinion and conclusion of this court that said judgment cannot be construed as wiping out Lloyd's rights as owner and holder of said notes, nor in any manner affecting the force of Lloyd's judgment in Galveston County on his subsequent sale of the land to Lowry and by him to others.

"14. The judgment did not specifically pass upon the validity of said notes nor determine Lloyd's claim of innocent purchaser. These issues were raised by plaintiff Smith and cross-plaintiff Lewis and his successor, Huggins. The judgment decrees that all issues not specifically dis-

posed of are adjudged against the parties raising such issue."

In view of this able résumé and determination of the issues raised upon both sides, it is deemed unnecessary to do more· than add appellate action to that as so stated. This court does that by reiterating all the findings of fact as its own, none of which have been successfully attacked, and by approving, as being sound, so much of the stated conclusions of law as may be— in this way—epitomized:

■ (1) The rights of Lloyd as a holder in due course for valuable consideration before maturity of the two vendor lien notes, aggregating $10,000, were fixed before the lis pendens notice in the Smith suit was filed on November 16 of 1928, in Galveston County; hence, neither he nor the appellee, who claimed under him, were bound thereby;

(2) Since Lloyd was not a party to that suit, the filing of such lis pendens notice at that time and place did not preclude him from maturing the legal title to the land in suit here, and then transferring it, as he did;

■ (3) The recording of the abstract of the Roene Cage v. J. E. Sawhill and W. B. Lewis judgment on September 29 of 1928, after such two vendor lien notes had been bought by Lloyd on May 4 of 1928, did not impair Lloyd's legal right to rescind the inhering vendor's lien contract, upon default in the payment of such notes to himself, and to enforce his attending superior title therein carried against the land in suit;

(4) The sale on October 10 of 1934 of this 20 acres by the sheriff of Galveston County, under alias execution out of such Cage v. Sawhill and Lewis judgment, conveyed only the interest Sawhill and Lewis had in the property on the date of that levy—October 10, 1934.

As supporting conclusions 1 and 2 supra, this court cites these authorities: 43 Tex.Jur. 300; Henderson v. Hawley, Tex. Civ.App., 237 S.W. 341; Smith v. Pate, Tex.Civ.App., 43 S.W. 312; Lander v. Rounsaville, 12 Tex. 195; 41 Tex.Jur. 475; Barker v. Temple Lumber Co., 120 Tex. 244, 37 S.W.2d 721; Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447; West v. First Baptist Church, 123 Tex. 388, 71 S.W.2d 1090; Prouty v. Musquiz, 94 Tex. 87, 58 S.W. 721, 996; Terrell· v.. Allison, 21 Wall. 289, 22 L.Ed. 634; 28 Tex.Jur. .330; Notes in 2 L.R.A. p. 49 and cited authorities; R.S. Article 6643 (1925)· and R.S.Article 6643, as amended in 1927, Vernon's Ann.Civ. St. art. 6643; Hartel v. Dishman, Tex.Civ. App., 116 S.W.2d 891; Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485, 6 L.R.A.,N.S., 381; Fielder v. Houston Oil Co., Tex.Civ. App., 165 S.W. 48.

As supporting conclusions 3 and 4, these authorities are deemed sufficient: Price v. Traders' National Bank, Tex.Civ. App., 195 S.W. 934; Traders' National Bank v. Price, Tex.Com.App., 228 S.W. 160; South Texas Lumber Co. v. Nicoletti, Tex.Civ.App., 54 S.W.2d 893; Payne v. Bracken, 131 Tex. 394, 115 S.W.2d 903; Ilse v. Seinsheimer, 76 Tex. 459, 13 S.W. 329; Allday v. Whittaker, 66 Tex. 669, 673, 1 S.W. 794; Michael v. Knapp, 4 Tex. Civ.App. 464, 23 S.W. 280; White v. Provident National Bank, 27 Tex.Civ.App. 487, 65 S.W. 498.

Without further discussion, the judgment will be affirmed.

Affirmed.

## On Appellant's Motion for Rehearing.

Appellant's motion for rehearing, ably and earnestly presented by its learned lady-lawyer, Lynne Tamborello, who has more than once graced these drab precincts to the benefit of this Court in reaching its determinations, has been carefully considered; neither was there "a hasty and ill-considered decision" originally rendered. On the contrary, the learned trial court is shown to have spent well-nigh one full month in hearing and determining the cause there, while here on the appeal similar mature consideration has been given the review of its decision.

Nor will this court venture a jousting with appellant's counsel over her "philosophy of the law", since, in its opinion, as applied to this piece of practical litigation, the philosophy of the facts as found by the trial court overrides it at all events.

Those facts—at least the controlling ones—are thus again, epitomized, and in no material respect successfully attacked by appellant, in the appellee's brief:

"(1) Fruit and Fruit executed a warranty deed to W. B. Lewis, on April 25, 1928, conveying the property in question, together with other property.

"(2) On April 28, 1928, W. B. Lewis, et ux, executed a warranty deed to the

property in question, together with other property to J. E. Sawhill, reciting that part of the consideration was evidenced by two vendor's lien notes in the principal sum of $5,000.00, each, signed by J. E. Sawhill and payable to the order of W. B. Lewis.

"(3) On April 28, 1928, by a written transfer executed by .W. B. Lewis et ux., said two vendor's lien notes, aggregating $10,000.00, were transferred to Gray Realty Company, reciting a payment of $10,-000.00 in cash for said notes.

"(4) On May 4th, 1928, by written transfer, said two notes aggregating $10,-000.00 were transferred by the Gray Realty Company to R. E. R. Lloyd et ux., reciting a cash consideration of $10,000.00.

"(5) On May 29th, 1928, T. A. Smith filed suit in the District Court of Harris County, Texas, against W. B. Lewis and J. E. Sawhill, charging fraud, but this suit did not involve the property in controversy.

"(6) On August 1, 1928, W. B. Lewis filed his answer and cross action in this suit in Harris County, Texas, and made W. C. Gray and the Gray Realty Company a party thereto and mentioned this property in controversy in said pleading.

"(7) On November 15, 1928, W. B. Lewis caused a lis pendens notice to be filed in Galveston County, Texas, describing in it the property in controversy, and reciting that the defendants in said suit in Harris County, Texas, were Gray Realty Company and W. C. Gray.

"(8) On December 6, 1928, R. E. R. Lloyd filed suit in Galveston County, Texas, on the two notes aggregating $10,-000.00, because of default in payment of semi-annual interest.

"(9) On January 12, 1929, Lloyd obtained judgment against Sawhill on his amended petition, wherein he rescinded the sale and obtained the title and possession of the property in controversy.

"(10) On February 14, 1929, Lloyd et ux. conveyed the property in controversy to J. M. Lowry, under whom appellee, Elbert Ware, claims title by regular conveyances.

"(11) On March 16, 1929, Lloyd and wife, are for the first time, made parties to the T. A. Smith suit in Harris.County, Texas.

"(12) On November 4, 1930, Lloyd and wife filed a disclaimer in said T. A. Smith suit in .Harris County, Texas, and alleged that they paid $10,000.00 in cash for said two vendor's lien notes, but had sold said property before they were joined in said suit to J. M. Lowry.

"(13) On November 4, 1930, judgment was entered in the T. A. Smith case in Harris County, Texas, in favor of M. J. Huggins, mother of W. B. Lewis, as to the property in question. It is noteworthy that R. E. R. Lloyd and wife were dismissed, and no costs assessed against them in this case."

Upon those facts alone, it is this Court's reiterated conclusion that no other judgment could have been properly rendered than the one here challenged.

Neither is it material that this Court, following a like inadvertence in the appellee's brief, cited in its original opinion these three cases, the first two of which have been reversed by the Supreme Court and writ of error granted in the third one, to-wit: Smith v. Pate, Tex.Civ.App., 43 S.W. 312, Fielder v. Houston Oil Co., Tex.Civ.App., 165 S.W. 48, and Hartel v. Dishman, Tex.Civ. App., 116 S.W.2d 891.

On the reconsideration, those three citations have been eliminated from the original opinion, but in all other respects this Court is constrained to leave it unchanged.

The motion for rehearing will be refused.