## LEWISVILLE STATE BANK et al., Appellants,

v.

## C. F. (Jack) BLANTON, Appellee.

### No. 5419.

Court of Civil Appeals of Texas, Waco.

Feb. 27, 1975.

Rehearing Denied April 3, 1975.

Gardere, Porter & DeHay, Dallas (J. Carlisle DeHay, Jr., Dallas), J. C. Irwin, Dallas, Robert H. Caldwell, Jr., Denton, for appellants.

Winstead, McGuire, Sechrest & Trimble, Dallas (Robert L. Trimble, Dallas), for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Lewisville State Bank, et al., from summary judgment for plaintiff C. F. (Jack) Blanton for title and possession of 15.25 acres of land, and decreeing plaintiff's title superior to the claims of defendants in such property.

Plaintiff brought this suit to quiet title and remove clouds to title from 15.25 acres of land. The record reflects plaintiff acquired 73/210ths of the fee simple interest in the property from W. H. Blanton on *October 31, 1969* by paying off a note to First Security Bank & Trust Company of Carrollton, secured by a deed of trust on the property. Plaintiff paid off the note to such bank by giving his personal check for $25,333. and the bank then released its deed of trust lien. W. H. Blanton then gave plaintiff a deed to the property which by mutual mistake of fact contained an incorrect property description. Both the release and deed were recorded in consecutive pages of the deed records of Dallas County on the same day and hour five days later. Plaintiff then acquired the additional undivided interests in the property and recorded such in the deed records of Dallas County.

On July 15, 1971; July 30, 1971 and March 7, 1972, defendants abstracted judgment liens against W. H. Blanton.

On July 8, 1972 the mistaken description in the deed to the 73/210ths from W. H. Blanton was discovered and a correction deed properly describing the property was executed and recorded.

After receiving the first deed to the 73/210ths interest plaintiff took possession of the property, paid taxes on the 73/210ths interest (plus his other acquired interest) and collected rentals from the property.

Plaintiff prayed that he have judgment for title and possession of the property free from clouds against his title, and filed motion for summary judgment supported by summary judgment proof of the facts here above set forth.

The trial court after hearing rendered summary judgment for plaintiff for title and possession of the property free and clear of defendants' claim by virtue of the abstracted judgments against W. H. Blanton.

Defendants appeal on 6 points contending the trial court erred in granting summary judgment for plaintiff, asserting that as a matter of law the judgment liens of defendants were superior to the rights of plaintiff in the land.

The facts are undisputed. Plaintiff on October 31, 1969 paid off a $25,333. note owed by W. H. Blanton to the First Security Bank and secured by deed of trust on 73/210ths interest in the 15.25 acres. The bank released the deed of trust and W. H. Blanton executed a deed to plaintiff who recorded the deed of trust and deed. The deed contained an incorrect description of the property. In July 1971 and March 1972 defendants abstracted judgment liens against W. H. Blanton. In July 1972 the error in description in the October 1969, deed was discovered and W. H. Blanton executed and delivered to plaintiff a correction deed which correctly described the property.

Plaintiff acquired an equitable title to 73/210ths interest in 15.25 acres on October 31, 1969, when he paid W. H. Blanton's note to the First Security Bank and secured release of the deed of trust on such property. And even though W. H. Blanton did not describe the property in the deed he executed and delivered to plaintiff, and thus still held legal title to the property, he held such legal title in trust for plaintiff. Defendants' judgment liens against W. H. Blanton were not recorded until July 1971, and March 1972.

The registration statutes do not apply to equitable titles, and thus the equitable title of plaintiff is superior to judgment liens defendants held against W. H. Blanton. Johnson v. Darr, 114 Tex. 516, 272 S.W. 1098; First State Bank of Amarillo v. Jones, 107 Tex. 623, 183 S.W. 874; Roeser & Pendleton, Inc., v. Stanolind Oil & Gas Co., CCA, Er.Ref., Tex.Civ.App., 138 S.W.2d 250; Garrison v. Citizens National Bank of Hillsboro, CCA, Er.Ref., Tex.Civ.App., 25 S.W.2d 231; Payne v. Bracken, Com.Appls. Opinion Adopted, 131 Tex. 394, 115 S.W.2d 903; Hammett v. McIntire, CCA, NRE, 365 S.W.2d 844.

Payne v. Bracken, supra expresses the rule thusly:

"It is well settled that the lien of a judgment creditor by virtue of filing abstract of his judgment extends only to such title as the debtor has, and is subject to all equitable rights of third persons".

And Hammett v. McIntire expresses the rule: "Lien fixed by filing of judgment against debtor who had bare legal title to property did not attach to beneficial interest therein".

All defendants' points are overruled.

Affirmed.