The CITY OF SAN ANTONIO and the City of San Antonio's Firemen's and Policemen's Civil Service Commission, Appellants,

v.

Roy R. LOPEZ, Appellee.

No. 4–87–00135–CV.

Court of Appeals of Texas, San Antonio.

June 8, 1988.

Rehearing Denied July 13, 1988.

Don W. King, Jr., City Atty's Office, San Antonio, for appellants.

Mayo J. Galindo, San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

The City of San Antonio and the San Antonio Firemen's and Policemen's Civil Service Commission appeal the judgment of the trial court ordering Roy R. Lopez reinstated to his former position of firefighter in the City's fire department, and payment by the City of Lopez' lost wages, benefits, and attorney's fees.

Roy R. Lopez was a firefighter in the San Antonio Fire Department. While on vacation, he was arrested for driving while intoxicated and possessing marijuana. Prior to a judicial determination of guilt or innocence, the Fire Chief and Deputy Fire Chief called Lopez into the office and confronted him with the arrest report. Lopez stated he wished to confer with counsel before making any statements and the interview ended. Two days later, the Fire Chief indefinitely suspended Lopez from the fire department and notified him in writing.

Lopez appealed his suspension to the City of San Antonio's Firemen's and Policemen's Civil Service Commission. The Commission affirmed the Fire Chief's suspension. Lopez appealed the Commission's order to the district court, claiming he was denied a pre-termination hearing. After a trial de novo, the district court ordered that Lopez be reinstated to his position with the fire department, recover his lost wages and benefits, and recover attorney's fees and court costs.

In its first point of error, the City complains the trial court entered judgment based on an issue not pleaded by Lopez and on which no trial by implied or expressed consent occurred. The City states that although Lopez alleged in his pleadings that he was denied due process of law because

no pre-termination hearing was held, the trial court rendered judgment based on its finding that the City failed to follow its own rules, set out in administrative directive 4.11, which require a pre-termination hearing. The City further argues that the parties limited the issues in open court to whether Lopez' right to due process was violated. The trial court filed findings of fact and conclusions of law. It found that Lopez was not denied his due process rights but that the City failed to comply with its administrative directive, which applied to Lopez, concerning procedures to be followed in employment termination.

Prior to the taking of live testimony at trial, the following discussion between the Court and the attorneys for Lopez and the City occurred:

> MR. GALINDO (For Lopez): ... That [Administrative] Directive speaks for itself. The Court can attach whatever significance it wants to, but it doesn't admit any ambiguity.
>
> THE COURT: I have not read this, and I haven't had a chance to, but it is your contention, Mr. Galindo, that it applies and the city commission did not comply with his own—that the fire chief didn't comply, which goes beyond due process, I suppose? That is a due process question, I suppose?
>
> MR. GALINDO: The Directive on its face by Mr. Harvey is in 1985. It is the city's responsibility, however, in this case, and I think the deposition of Chief Miller specifies what he did or didn't do.
>
> MR. KING (For the City): To clarify, Mr. Galindo and I are in disagreement with this, but I think the Court can decide for itself, I believe, that the answer to your question is yes, that this Directive goes beyond the due process requirements of it. If they did apply the city would be in violation of Laudermill [sic]. But that Directive and— that argument is that the Directive does not apply to firemen and policemen, although I'll have to admit with

Mr. Galindo if I were drafting that myself, I would make it a little bit more clear than it is. But, that's still our position.

> THE COURT: It sounds to me like it is a very fundamental excuse [sic] in this case, you're saying if you all didn't comply you didn't comply with it and you all are arguing whether it applies to this situation or not.
>
> MR. GALINDO: Yes, sir.

The trial court later asked the City for its argument why the directive does not apply to the firemen. The City presented two witnesses, whose testimony centered around the meaning of the document and the intention of the drafters.

During trial, the parties argued whether the administrative directive, issued to all department heads and in order to comply with the United States Supreme Court case of *Cleveland Board of Education v. Loudermill*,[1] applied to uniformed police and fire personnel. The issue of the applicability of the directive to uniformed officers raised the question as to whether the City complied with its own rules and whether the issue was tried by implied consent. Neither party relied on the evidence concerning the directive to establish the separate issue addressing due process under *Loudermill*.

■ The rule of trial by consent should not be applied in doubtful cases, but only when the record makes it clear that the parties understood the non-pleaded matter to be an issue in the case. There can be no trial by consent when the evidence on the non-pleaded matter is relevant to the issues pleaded, and for that reason would not be calculated to elicit an objection when offered. *Harrison v. City of San Antonio*, 695 S.W.2d 271, 278 (Tex.App.—San Antonio 1985, no writ); *Jay Fikes & Associates v. Walton*, 578 S.W.2d 885, 889 (Tex.Civ. App.—Amarillo 1979, writ ref'd n.r.e.); *Gulf States Abrasive Manufacturing, Inc. v. Oertel*, 489 S.W.2d 184, 186 (Tex.Civ. App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.); TEX.R.CIV.P. 67.

---

1. 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

■ In this case whether the administrative directive applied to Lopez and whether the City followed its own termination procedures are separate issues from the due process and *Loudermill* requirements question. The administrative directive requirements go beyond the required steps enumerated by the Supreme Court in *Loudermill*. The directive specifies time limits within which each step must be taken, e.g., *written* notice to the employee of his proposed termination and five working days within which to respond. The substance of the argument at trial was whether the directive applied to uniformed officers. The City made no objection that the issue was outside the scope of the pleadings and thus waived it. The issues of whether the administrative directive applied to Lopez and whether the City followed that directive were tried by implied consent and were properly before the trial court.

■ Appellant next complains the trial court erred in holding that the administrative directive applied to Lopez. The City argues that the directive applies only to non-uniformed personnel.

In 1952 the City of San Antonio adopted a set of rules, entitled "Personnel Rules of the City of San Antonio Texas" (the 1952 rules), "to be followed by the City Administration in its personnel program." The preface to these rules provides that they apply to classified as well as unclassified employees and are intended to augment and clarify article VI of the city charter and the Texas Firemen's and Policemen's Civil Service Act (TEX.LOC.GOV'T CODE ANN. § 143.001 et seq. (Vernon Supp. 1988)). In 1977, the City adopted the "Municipal Civil Service Rules of the City of San Antonio" (the 1977 rules). As stated in the preface to the 1977 rules, these rules apply to all employees, "with the exception of uniformed Fire and Police personnel. . . ."

The 1952 rules, the 1977 rules, and the Local Government Code do not provide for a pre-termination hearing or notice to the

employee of any disciplinary action about to be taken.[2] In March 1985 the United States Supreme Court handed down the *Loudermill* decision which specifically requires the City to provide a public employee: (1) oral or written notice of the charges against him; (2) an explanation of the employer's evidence; (3) a fair opportunity for the employee to present his side of the story; and (4) a full evidentiary post-termination hearing conducted at a meaningful time. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985).

In an apparent attempt to comply with the *Loudermill* case the City issued administrative directive 4.11, "Procedures For Dismissals, Suspensions, and Disciplinary Demotion Actions." It is this directive around which the trial court's holding rests.

The directive is addressed to "all holders of administrative directives," which includes Chief Martinez of the Fire Department. The cover letter from the Director of Personnel, attached to the directive states:

Attached is revised Administrative Directive 4.11, on the subject of Procedures for Dismissals and Disciplinary Demotion Actions, which is to be effective immediately.

. . . .

It is imperative that the new procedures be strictly adhered to in order to comply with the United States Supreme Court Ruling.

Section 1 of the directive sets out its purpose: "to set forth the mandatory procedures to be followed by all City departments in the processing of dismissals, suspensions, and demotions of classified civil service employees."

The directive further provides that:

The Personnel Department shall be responsible for insuring that each classified employee is given a hearing before the Municipal Civil Service Commission when such is requested in writing. Em-

---

**2.** However, the 1952 rules applying to firemen require a classified employee to first be sus-

pended without pay before he is discharged. Rule XX, § 119.

ployees appealing dismissals, suspensions or demotions must meet the requirements set out in Rule XVII, Section 3. Right of Appeal, Municipal Civil Service Rules of the City Of San Antonio.

Under the section entitled "Procedures," the directive requires that a memorandum be sent to the Assistant City Manager when a dismissal action is recommended. "The memorandum must contain the specific provisions of Rule XVII, Section 2 of the Municipal Civil Service Rules that have been violated...." A procedure with a specific timetable for notification and responses is set out. Appeal is to the Municipal Civil Service Commission. Similar provisions are enumerated for dismissals for unauthorized absences from work, suspensions, and demotions.

It is obvious from reading the entire directive that it applies only to those employees governed by the 1977 rules. The directive refers only to those rules and proceedings before the Municipal Civil Service Commission. Uniformed police and firemen are governed by the 1952 rules and are specifically excluded from adherence to the 1977 rules. Further, proceedings concerning uniformed police and firemen are held before the Firemen's and Policemen's Civil Service Commission. Nowhere in the directive is there any reference to the 1952 personnel rules or the Firemen's and Policemen's Civil Service Commission.

The City clearly intended the directive to apply only to the non-uniformed employees in each department. There is no question that the directive applies to the employees in Chief Martinez' department. However, as the testimony reflects, he has non-uniformed employees in his employ as well as uniformed employees. It is these non-uniformed employees to which the directive applies. The trial court erred in finding that the directive applied to Lopez, a uniformed employee.

■ However, not every erroneous finding of fact or conclusion of law mandates the reversal of an otherwise correct judgment. If the judgment is otherwise correct on the merits and the controlling findings of fact will support a correct legal theory, we will uphold the trial court's judgment. *Payne v. Bracken*, 131 Tex. 394, 115 S.W. 2d 903, 905 (1938); *City of San Antonio v. Aguilar*, 696 S.W.2d 648, 653 (Tex.App.— San Antonio 1985, writ dism'd); *Vandever v. Goettee*, 678 S.W.2d 630, 635 (Tex.App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ Since the trial court erred in its findings concerning the applicability of the administrative directive to Lopez we will disregard those findings and conclusions. The remaining findings of fact and conclusions of law, however, will not support the judgment and we must, therefore, reverse it.

The trial court's pertinent remaining findings [3] show that Lopez was called in by the Deputy Fire Chief on July 21, shown police reports concerning his June 13th arrest, and asked if he had anything to say. The pertinent conclusion is that Lopez was not denied due process of law. The record supports these findings and we must therefore agree with the trial court's conclusion that Lopez was not denied due process of law. *Loudermill* requires only an informal hearing. Lopez was given an informal hearing before the Fire Chief. The notice

---

**3.** The findings of fact, excluding those concerning the administrative directive, established that (1) Lopez had been a firefighter in the San Antonio Fire Department; (2) he was indefinitely suspended on July 23, 1986, for off-duty acts of misconduct; (3) the Deputy Fire Chief called Lopez in on July 21, 1986, showed him police reports, and asked him if he had anything to say; (4) Lopez indicated he wished to consult with counsel, signed an affidavit to that effect, and was dismissed from the Chief's office; (5) the Deputy Chief recommended Lopez be indefinitely suspended; and (6) the Fire Chief indefinitely suspended him on July 23, 1986; (7) Lo-

pez perfected his appeal to the Firemen's and Policemen's Civil Service Commission which heard his appeal and (8) ordered Lopez indefinitely suspended; (9) Lopez timely perfected his appeal to the district court; and (10) Lopez is entitled to attorney's fees.

The applicable conclusions of law are: (1) the district court had personal and subject matter jurisdiction; (2) Lopez was not denied due process of law; (3) Lopez is entitled to reinstatement; (4) Lopez is entitled to lost wages and (5) other fringe benefits and emoluments of office; and (6) he is entitled to recover his attorney's fees.

of the charges against him may be oral or written. Lopez was informed of the charges when he was confronted with the police reports of his June 13, 1986, arrest. The Chief and Deputy Chief showed Lopez their evidence—the police report. Though asked if he wanted to say anything, he refused. His desire to consult counsel before speaking is understandable, but cannot be used to claim he was not given an opportunity to present his side of the story. Further, Lopez received a full evidentiary hearing before the Commission within thirty days of his dismissal. We find that the requirements and spirit of *Loudermill* have been complied with.

Since the trial court's remaining findings and conclusions do not otherwise support its judgment, we reverse the judgment of the trial court ordering Lopez reinstated and awarding him lost wages, benefits, and attorney's fees.

Due to our disposition of the City's second point of error, we do not reach its final point of error that the trial court applied an incorrect remedy in awarding Lopez lost wages, benefits, and attorney's fees.

The judgment of the trial court is reversed and judgment rendered that Lopez take nothing by his suit.

### ON APPELLEE'S MOTION FOR REHEARING

PER CURIAM.

Appellee files his motion for rehearing urging that this Court erred by employing an incorrect standard of review in the case. Appellee's motion for rehearing is denied. We tender the following in clarification of our original opinion.

In their brief on appeal, the City of San Antonio and the San Antonio Firemen's and Policemen's Civil Service Commission raised the following point of error: "The District Court erred in holding that the City of San Antonio's administrative directive of July 1, 1985 applied to Plaintiff, Roy R. Lopez." The substance of appellants' argument is that the trial court erred, *as a matter of law*, in finding that the directive applied to appellee and that

there was *no evidence* to support that finding. Appellants' prayer requested that we reverse the judgment of the trial court and render judgment for appellants that appellee take nothing by his suit.

In reviewing the sufficiency of the evidence we applied the legal sufficiency test of *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965): we considered only that evidence and the reasonable inferences that could be drawn therefrom in their most favorable light to support the trial court's finding and disregarded all other evidence and inferences. The trouble is, we could not find any evidence in support of the trial court. Our recitation of facts in the opinion was not meant as a review of the factual sufficiency of the evidence, but was intended only as an aid to the reader in familiarizing himself with the history of the events behind the appeal.

We stand by our original decision that, as a matter of law, the administrative directive does not apply to appellee. The Firemen's and Policemen's Civil Service Commission had jurisdiction to hear appellee's dismissal proceedings.

Appellee's motion for rehearing is denied.