Jesse BACA, Appellant,

v.

**CITY OF DALLAS, Appellee.**

**No. 05–89–00819–CV.**

Court of Appeals of Texas, Dallas.

July 11, 1990.

Thomas J. Turner, Dallas, for appellant.

Craig Hopkins, Dallas, for appellee.

Before HOWELL, LAGARDE and THOMAS, JJ.

## OPINION

HOWELL, Justice.

The City of Dallas (City) discharged Jesse Baca (Employee), a policeman, on March 22, 1985. Employee appealed his discharge to the City of Dallas Civil Service Trial Board. The trial board conducted a hearing, during which both Employee and City presented evidence and arguments. After the trial board upheld his discharge, Employee appealed to the district court. The district court denied Employee's motion for a jury trial and refused to allow Employee to present evidence other than the statement of facts from the trial board hearing. The district court then sustained Employee's discharge. Employee contends that he has a constitutional right to a jury trial and a right under the Due Process Clause of the United States Constitution to present additional evidence in his appeal to the district court. Because we hold that neither the federal constitution nor the state constitution requires a jury trial in a case such as this and that all due process procedural requirements were met, we affirm the judgment of the trial court.

In his first point of error, Employee contends that the trial court erred in denying his request for a jury trial. He argues that the denial of a jury trial is a violation of article I, section 15 and article V, section 10 of the Texas Constitution and amendments VII and XIV of the United States Constitution.

After reviewing applicable law, we conclude that Employee had no constitutional right to have a jury trial in his appeal of his termination. The United States Constitution does not guarantee the right to a trial by jury in any *state* court in any character of civil action. *White v. White*, 108 Tex. 570, 579, 196 S.W. 508, 511 (1917); *Huguley v. Board of Adjustment*, 341 S.W.2d 212, 217 (Tex.Civ.App.—Dallas 1960, no writ). Therefore, Employee had no federal constitutional right to a jury trial. Additionally, Texas case law has long held that under the Texas Constitution, a party is entitled to a jury trial only "if that practice prevailed in this state, according to the then existing laws, at the time of the adoption of said provisions as portions of our present State Constitution of 1876." *White*, 108 Tex. at 581, 196 S.W. at 512; *Adams v. Texas State Bd. of Chiropractic Examiners*, 744 S.W.2d 648, 651 (Tex.App.—Austin 1988, no writ); *City of Houston v. Blackbird*, 658 S.W.2d 269, 273 (Tex.App.—Houston [1st Dist.] 1983, writ

dism'd); *Huguley,* 341 S.W.2d at 217; *Texas Liquor Control Bd. v. Jones,* 112 S.W.2d 227, 229 (Tex.Civ.App.—Texarkana 1937, no writ). In *Huguley,* this Court quoted a law review article stating: "Since appeals from administrative decisions were unknown to Texas law at the time of the adoption of the Constitution there is no right to a jury trial in actions brought to review administrative decisions, unless statute so provides." *Id.* at 217 (quoting Harris, *The Administrative Law of Texas,* 29 Tex.L.Rev. 213, 223 (1951)). Since the decision to terminate Employee was an administrative decision, Employee has no state constitutional right to a jury trial. We overrule Employee's first point of error.

In his second point of error, Employee contends that the district court erred in refusing to allow him to present evidence or testimony. He cites as authority for this contention the Fourteenth Amendment to the United States Constitution which reads in part: "Nor shall any State deprive any person of life, liberty, or property without due process of law...." Employee argues that the trial court's refusal to allow him to present evidence or testimony should be considered a violation of due process. City replies that, as a home-rule municipal corporation, it possesses plenary powers by virtue of article 11, section 5 of the Texas Constitution, subject only to limitations imposed by its own charter and ordinances. *See Interstate Circuit, Inc. v. City of Dallas,* 247 F.Supp. 906, 909 (N.D.Tex.1965); *City of Dallas v. Parker,* 737 S.W.2d 845, 847 (Tex.App.—Dallas 1987, no writ). Therefore, City contends that since its charter provides for a district court appeal by a discharged employee based only upon a review of the record made before the trial board, the district court correctly denied additional evidence.

■ To bring himself within the protection of the due process clause, Employee must show that he had a property right in his employment with City. *See Board of Regents v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2708–10, 33 L.Ed.2d 548 (1972); *City of Amarillo v. Hancock,* 239 S.W.2d 788, 791 (Tex.1951). Property interests are not created by the United States Constitution; "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985) (quoting *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709). Although the due process clause also protects interests of life and liberty, Employee has not contended that he has been deprived of either of these.

■ Employee contends that he had a right to continued employment with City and that such was a form of property right. However, we need not decide this issue; we conclude that the procedures employed by City and the district court met due process minimums. Due process requires a public employer to provide its employee: (1) oral or written notice of the charges against him; (2) an explanation of the employer's evidence; (3) a fair opportunity for the employee to present his side of the story; and (4) a full evidentiary post-termination hearing conducted at a meaningful time. *See Loudermill,* 470 U.S. at 546, 105 S.Ct. at 1495; *City of San Antonio v. Lopez,* 754 S.W.2d 749, 752 (Tex.App.—San Antonio 1988, writ denied). Employee does not claim a violation of any of these requirements. Instead, he would take the requirements a step further, i.e., a full evidentiary trial court review. The constitution does not require this additional step. Not only is judicial review of local government dismissals limited in Texas, but it is limited in most, if not all, other jurisdictions. *See* 2A C. ANTIEAU, MUNICIPAL CORPORATION LAW § 22.195 (1976). We overrule Employee's second point of error and affirm the judgment of the trial court.