Lydia L. BRANDY, Appellant,

v.

CITY OF CEDAR HILL, Texas, Appellee.

No. 06–94–00055–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 19, 1994.

Decided Oct. 7, 1994.

John Cullar, Mills, Millar, Matkin & Cullar, Waco, for appellant.

William W. Krueger, III, Ludlum & Ludlum, Austin, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Lydia Brandy contends that the trial court erred in granting the City's motion for summary judgment because the City did not prove as a matter of law that she received the due process to which she was entitled in connection with her termination from employment by the City.

Brandy was employed by the City of Cedar Hill as a secretary at its police department. She was fired on May 16, 1989. The employee handbook promulgated by the City provided that no employee would be terminated without cause and also provided for a post-termination appeal. It further stated that all reasonable efforts would be made to insure due process to the employee.

 Brandy brought suit based upon allegations that the City had violated her right to due process in terminating her employment and that it had committed gender discrimination in violation of 42 U.S.C.A. § 1983.[1] However, her appeal is based sole-

---

1. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the depriva-

ly on her contention that she did not receive due process in the method used to terminate her employment. The parties agree that Brandy had a constitutionally protected property interest in continued employment with the police department. A "for cause" limitation on dismissal of a public employee creates an individual entitlement to continued employment that is considered a protected property right for purposes of the due process clause. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428–29, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265, 273 (1982). The issue in dispute concerns the process due to Brandy in order to protect this interest. The underlying principle of due process requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865, 873 (1950); *Bexar County Sheriff's Civil Service v. Davis*, 802 S.W.2d 659, 661 (Tex.1990).

As recognized by *Bexar County*, the Supreme Court has distinguished between pre-termination and post-termination hearings in its application of these tests. In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541–42, 105 S.Ct. 1487, 1492–93, 84 L.Ed.2d 494, 503 (1985), the Supreme Court based its finding that informal notice and opportunity to respond were sufficient before termination upon the existence of "a full post-termination hearing." *Loudermill*, at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506; *Bexar County*, 802 S.W.2d at 663. The present case involves a post-termination hearing.

■ Cases uniformly interpret *Loudermill* to require the following procedure in order to meet minimum due process requirements: (1) an oral or written notice of the charges against the employee; (2) an explanation of the employer's evidence; (3) a fair opportunity for the employee to present his or her side

of the story; and (4) a full evidentiary post-termination hearing conducted at a meaningful time. *Baca v. City of Dallas*, 796 S.W.2d 497, 499 (Tex.App.—Dallas 1990, no writ); *City of San Antonio v. Lopez*, 754 S.W.2d 749, 752 (Tex.App.—San Antonio 1988, writ denied).

Because the Supreme Court of the United States has not imposed specific requirements on the post-termination hearing postulated in *Loudermill*, the Texas Supreme Court has applied the *Mathews* test to determine whether due process requirements were met in its review of such a proceeding. The United States Supreme Court created a test containing three factors to be considered in determining whether a requested procedure is necessary to provide due process to a terminated employee: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used and a probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976).

The procedure used in the present case consisted of Brandy's testimony before the city manager explaining her side of the story. In contrast to the procedure followed in the *Bexar County* case, no other witnesses were produced by either the government or by Brandy. The question in the present case, as in *Bexar County* and in *Loudermill*, is whether the process provided was adequate.[2]

■ The City contends in this case that procedural due process was adequately provided because, as shown by undisputed summary judgment proof, she was allowed a hearing where she had the opportunity to put

tion of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983 (West 1981).

**2.** In the present case, however, the personnel policies adopted by the City do not provide spe-

cific rules or regulations controlling the procedural aspects of an appeal taken from a dismissal. In that respect, this case differs from *Loudermill* and *Bexar County*, for in both of those cases it appears that detailed procedures were provided by contract.

on evidence and present witnesses, and that she waived her rights by failing to exercise them. The city manager, who acted as the jurist in the appeal, swore that before the hearing the police chief had privately informed him of the reasons for her termination.[3] Although this situation does not involve a formal trial proceeding, Brandy was represented by counsel at the hearing. The evidence does not show that Brandy attempted to convert the appeal procedure into a full-blown evidentiary hearing. Brandy did, however, request a hearing. It was not her job to provide the procedure to be followed. At that point, the duty devolved upon the City to provide a hearing that met minimal due process requirements. The hearing provided no opportunity for meaningful review. The jurist had been informed of the reasons for her termination outside her presence, and none of these reasons were set out at the hearing. The City presented no evidence of any sort, thus Brandy was not provided an opportunity to cross-examine its witnesses and test the evidence against her. It is initially the City's duty to prove good cause, not the employee's duty to prove that none existed. To countenance this procedure would adopt a draconic system of law that requires a person to prove herself worthy of continued employment and to defend against allegations not presented at the hearing rather than requiring the City to show good cause for termination. This procedure did not permit a full hearing as required by the court in *Baca.*

Applying the three factors set forth by the court in *Mathews,* we find (1) that the private interest to be affected is the employee's job; (2) that the risk of depriving the employee of the procedural safeguard of having an opportunity to hear the charges against her and to cross-examine the witnesses are significant because cross-examination is one of an accused's most valuable rights[4]; and (3) that to provide a full hearing would not unduly burden the City. The due process requirements required by the federal Constitution have not been met in this case.

The judgment of the trial court is reversed, and the cause is remanded for a trial on the merits.

---

3. There are cases holding that due process does not require a state to provide an impartial decision maker at a hearing prior to termination of the public employee. However, the cases also provide that in the event of minimal safeguards prior to termination, the private interest one has in not being deprived of one's livelihood requires a full hearing after termination and due process requires that the post-termination hearing be held at a meaningful time. *Schaper v. City of Huntsville,* 813 F.2d 709 (5th Cir.1987).

4. "Cross-examination is the most potent weapon known to the law for separating falsehood from truth, hearsay from actual knowledge, things imaginary from things real, opinion from fact, and inference from recollection." J.W. EHRLICH, THE LOST ART OF CROSS-EXAMINATION, 18 (Barnes & Noble 1993).