02-10-277-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00277-CV

 

 


 
 
 Everitt Howard, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Tarrant County, Texas
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 348th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

Appellant
pro se Everitt Howard, Jr. appeals the trial court’s take-nothing judgment in
the personal injury suit he filed against Appellee Tarrant County, Texas.  Howard
contends in three issues that his counsel waived a jury trial without his
consent, that he received ineffective assistance of counsel, and that the trial
court erred by admitting into evidence his eight prior felony convictions.  We
affirm.

II. 
Background

Through
counsel, Howard filed this personal injury suit against Tarrant County,
alleging that he “sustained severe and permanent injuries” due to the
negligence of a Tarrant County sheriff’s deputy.  Howard, who had been arrested
about a week before the incident, specifically alleged that he was a passenger
in a transport van being driven by the deputy, that the deputy operated the
vehicle in a negligent manner, and that the vehicle “slammed on its brakes and
caused [Howard], who was not afforded the opportunity to wear a seatbelt and
who was also re[s]trained, to violently slam into the compartment wall inside
the transport van.”  Howard further alleged that he underwent back surgery
after the incident and that his medical bills totaled $62,518.32.

Trial
was to the court in June 2010.  Howard did not attend the trial in person, but
he was represented by counsel.  Excerpts from Howard’s deposition were read
into the record as his trial testimony.

Howard
testified that on January 6, 2006, he was being transported by van from the
Mansfield Law Enforcement Center to the Tarrant County Corrections Center along
with several other inmates.  He was handcuffed to the man next to him and was
sitting on a bench facing the opposite side of the van, but he did not have a
seatbelt.  Howard further testified that traffic was heavy that morning and
that the sheriff’s deputy drove the van at high speed while weaving and
“zigzagging” in and out of traffic.  Howard said that his vision out the front window
of the van was blocked by the other inmates but that the van approached stopped
traffic, that the deputy slammed the brakes, and that the sudden stop caused
Howard to be thrown forward and then backward into the back doors of the van.

Tarrant
County Sheriff’s Deputy Matthew Woodson testified that he transported Howard
and others from Mansfield to Fort Worth and that traffic was heavy for most of
the drive.  Deputy Woodson agreed that he had to quickly apply his brakes
during the trip because cars in front him stopped without warning, but he
denied driving erratically, speeding, or weaving in and out of traffic.  Deputy
Woodson also testified that the van did not contact any other vehicles or even come
to a complete stop.

At
the conclusion of the trial, the trial court stated on the record that it found
that neither Tarrant County nor the officer was negligent, and the trial court
subsequently signed a take-nothing judgment in favor of Tarrant County.

III. 
Discussion

Howard
argues in three issues that the trial court erred by accepting his counsel’s
waiver of a jury trial, that the trial court erred by admitting into evidence
his eight prior felony convictions, and that he received ineffective assistance
of counsel.

A. 
Waiver of Jury Trial

Howard
contends in his first issue that the “trial court erred by denying [his] right
to jury trial, by accepting waiver of jury trial without agreement,
signature[,] or admonishment to [Howard]” and that he has a “7th Amendment
Right to trial by jury.”  However, “[t]he United States Constitution does not
guarantee the right to a trial by jury in any state court in any
character of civil action.”  Baca v. City of Dallas, 796 S.W.2d 497, 498
(Tex. App.—Dallas 1990, no writ) (citing White v. White, 108 Tex. 570,
579, 196 S.W. 508, 511 (1917); Huguley v. Bd. of Adjustment, 341 S.W.2d
212, 217 (Tex. Civ. App.—Dallas 1960, no writ)).  In addition, the case Howard
cites in support of his argument, RDO Financial Services Co. v. Powell,
191 F. Supp. 2d 811, 813 (N. D. Tex. 2002), is easily distinguishable because
it involves federal rather than Texas procedure.  Even so, it provides that in
federal civil actions, the right to a jury trial is protected by the Seventh
Amendment but may be waived.  Id.  Thus, Howard’s reliance on the
Seventh Amendment and RDO is not persuasive.

In
Texas, even when a jury trial has been requested and a jury fee paid, the case
may still be removed from the jury docket if there is no objection from any
party.  See, e.g., In re J.N.F., 116 S.W.3d 426, 434–35 (Tex.
App.—Houston [14th Dist.] 2003, no pet.).  Moreover, a lawyer may take action
that is binding on the client.  See, e.g., Abramson v. Abramson,
788 S.W.2d 860, 863 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (holding
lawyer’s consent to submit case to master was valid but noting that client also
participated without objection before discharging her counsel).  Here, Howard’s
counsel stated on the record at the beginning of the trial that the parties had
reached an agreement to waive a jury trial.  According to Tarrant County,
Howard’s counsel agreed to waive a jury trial in exchange for Tarrant County’s
agreement not to seek a ruling on its motion to exclude the medical bills
affidavits from Howard’s medical providers. We are not aware of any
authority—and none has been cited to us by the parties—that a lawyer’s consent
to waive a jury trial in a civil case is not binding on the client.  Thus, we
hold that the trial court did not err by accepting the statement by Howard’s
counsel that the parties had reached an agreement to waive a trial by jury.  We
therefore overrule Howard’s first issue.

B. 
Ineffective Assistance of Counsel

Howard
argues in his third issue that his attorney was ineffective for waiving a jury
trial and by failing to present evidence of Tarrant County’s failure to supply
safety restraints.  However, the constitutional right to effective assistance
of counsel has been extended only to certain civil proceedings in Texas.  See
In re M.S., 115 S.W.3d 534, 544–45 (Tex. 2003) (holding there is a right to
effective counsel in parental-rights termination cases); In re Protection of
H.W., 85 S.W.3d 348, 355–56 (Tex. App.—Tyler 2002, no pet.) (noting there
is a right to effective counsel in involuntary civil commitment cases).  This
case is a personal injury lawsuit, and Texas courts have expressly declined to
extend a right to effective assistance of counsel to personal injury lawsuits. 
See Guerrero v. Boyd, No. 01-07-00465-CV, 2008 WL 5178563, at *1 (Tex.
App.—Houston [1st Dist.] Dec. 11, 2008, no pet.) (mem. op.) (“The Sixth
Amendment right to effective assistance of counsel, however, does not extend to
civil cases such as this personal-injury lawsuit.”); Parker v. Fort Worth
Transp. Auth., No. 02-03-00213-CV, 2004 WL 868741, at *1 (Tex. App.—Fort
Worth Apr. 22, 2004, no pet.) (mem. op.) (overruling issue concerning alleged ineffective
assistance of counsel in a civil negligence suit).  We therefore overrule
Howard’s third issue.

C. 
Admission of Evidence

Howard
contends in his second issue that the trial court erred by admitting his eight
prior felony convictions into evidence.  Tarrant County responds that the prior
convictions are admissible under rule of evidence 609.

A
trial court’s rulings in admitting evidence are reviewable under an abuse of
discretion standard.  Serv. Corp. Int’l v. Guerra, 348 S.W.3d 221, 235 (Tex.
2011); In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005).  An appellate
court must uphold the trial court’s evidentiary ruling if there is any
legitimate basis in the record for the ruling.  Owens-Corning Fiberglas
Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).

Howard
is correct in his assertion that evidence of character is not generally
admissible in civil cases, see generally Bexar Cnty. Appraisal Review Bd. v.
First Baptist Church, 846 S.W.2d 554, 562 (Tex. App.—San Antonio 1993, writ
denied), but there are several exceptions to the general rule.  One such
exception is rule of evidence 609.  As relevant here, rule 609 states:

(a) General Rule.  For
the purpose of attacking the credibility of a witness, evidence that the
witness has been convicted of a crime shall be admitted if elicited from the
witness or established by public record but only if the crime was a felony or
involved moral turpitude, regardless of punishment, and the court determines
that the probative value of admitting this evidence outweighs its prejudicial
effect to a party.

 

(b)
Time Limit.  Evidence of a conviction under this rule is not admissible if a
period of more than ten years has elapsed since the date of the conviction or
of the release of the witness from the confinement imposed for that conviction,
whichever is the later date, unless the court determines, in the interests of
justice, that the probative value of the conviction supported by specific facts
and circumstances substantially outweighs its prejudicial effect.

Tex.
R. Evid. 609(a), (b).  Where a party’s credibility as a witness is at issue, a
conviction that otherwise meets the requirements of rule 609 is admissible in
evidence.  See Oyster Creek Fin. Corp. v. Richwood Inv. II, Inc., 176
S.W.3d 307, 316 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

In
this case, Tarrant County offered, as defense exhibits two through nine,
certified copies of Howard’s eight prior felony convictions.  Contained within
the exhibits is a May 2006 judgment of conviction for two counts of robbery by
threats, for which Howard received concurrent sixty-year sentences.  The other
seven exhibits reflect judgments of conviction, all dated April 6, 1995, for
robbery by threats and robbery causing bodily injury.  Howard’s trial counsel
objected that the prior convictions were not relevant, and Tarrant County
responded that because the two parties were offering very different versions of
what happened during the incident, Howard’s credibility was very much at issue
in the case.  The trial court overruled the objection and admitted each of the
exhibits.

Howard’s
credibility was an issue in this case because his testimony presented a starkly
different version of events than the testimony by Deputy Woodson, and the trial
court was necessarily required to weigh the credibility of the obviously
conflicting testimony.  See generally id.  With that in mind, the
certified copy of Howard’s May 2006 judgment of conviction for robbery by
threat was admissible because it reflected a felony conviction within the applicable
time limit and was probative of Howard’s credibility.  See id.; see
also Tex. R. Evid. 609(a), (b).  Howard’s 1995 convictions were also
admissible because he testified on cross-examination that he was released from
confinement for those convictions approximately eighteen months before this
incident occurred in January 2006.  Thus, he had been released from confinement
for the 1995 convictions less than ten years before the June 2010 trial in this
case, and rule 609(b) does not preclude their admission into evidence.  See
Tex. R. Evid. 609(b).  Each of Howard’s convictions are therefore within the
parameters of rule 609.  See Tex. R. Evid. 609(a), (b).  Moreover,
Howard did not argue at trial and has not argued on appeal that the probative
value of his convictions did not outweigh their prejudicial effect.  See
Tex. R. Evid. 609(a).  Thus, we cannot conclude that the trial court abused its
discretion by admitting into evidence the exhibits reflecting his 2006 and 1995
felony convictions, and we overrule Howard’s second issue.

IV. 
Conclusion

Having
overruled each of Howard’s three issues, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DELIVERED:  March 15, 2012









[1]See Tex. R. App. P. 47.4.