

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00277-CV

EVERITT HOWARD, JR.                                              APPELLANT

V.

TARRANT COUNTY, TEXAS                                     APPELLEE

----------

### FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellant pro se Everitt Howard, Jr. appeals the trial court's take-nothing judgment in the personal injury suit he filed against Appellee Tarrant County, Texas. Howard contends in three issues that his counsel waived a jury trial without his consent, that he received ineffective assistance of counsel, and that

---

[1]*See* Tex. R. App. P. 47.4.

the trial court erred by admitting into evidence his eight prior felony convictions. We affirm.

## II. Background

Through counsel, Howard filed this personal injury suit against Tarrant County, alleging that he "sustained severe and permanent injuries" due to the negligence of a Tarrant County sheriff's deputy. Howard, who had been arrested about a week before the incident, specifically alleged that he was a passenger in a transport van being driven by the deputy, that the deputy operated the vehicle in a negligent manner, and that the vehicle "slammed on its brakes and caused [Howard], who was not afforded the opportunity to wear a seatbelt and who was also re[s]trained, to violently slam into the compartment wall inside the transport van." Howard further alleged that he underwent back surgery after the incident and that his medical bills totaled $62,518.32.

Trial was to the court in June 2010. Howard did not attend the trial in person, but he was represented by counsel. Excerpts from Howard's deposition were read into the record as his trial testimony.

Howard testified that on January 6, 2006, he was being transported by van from the Mansfield Law Enforcement Center to the Tarrant County Corrections Center along with several other inmates. He was handcuffed to the man next to him and was sitting on a bench facing the opposite side of the van, but he did not have a seatbelt. Howard further testified that traffic was heavy that morning and that the sheriff's deputy drove the van at high speed while weaving and

"zigzagging" in and out of traffic. Howard said that his vision out the front window of the van was blocked by the other inmates but that the van approached stopped traffic, that the deputy slammed the brakes, and that the sudden stop caused Howard to be thrown forward and then backward into the back doors of the van.

Tarrant County Sheriff's Deputy Matthew Woodson testified that he transported Howard and others from Mansfield to Fort Worth and that traffic was heavy for most of the drive. Deputy Woodson agreed that he had to quickly apply his brakes during the trip because cars in front him stopped without warning, but he denied driving erratically, speeding, or weaving in and out of traffic. Deputy Woodson also testified that the van did not contact any other vehicles or even come to a complete stop.

At the conclusion of the trial, the trial court stated on the record that it found that neither Tarrant County nor the officer was negligent, and the trial court subsequently signed a take-nothing judgment in favor of Tarrant County.

### III. Discussion

Howard argues in three issues that the trial court erred by accepting his counsel's waiver of a jury trial, that the trial court erred by admitting into evidence his eight prior felony convictions, and that he received ineffective assistance of counsel.

3

## A. Waiver of Jury Trial

Howard contends in his first issue that the "trial court erred by denying [his] right to jury trial, by accepting waiver of jury trial without agreement, signature[,] or admonishment to [Howard]" and that he has a "7th Amendment Right to trial by jury." However, "[t]he United States Constitution does not guarantee the right to a trial by jury in any *state* court in any character of civil action." *Baca v. City of Dallas*, 796 S.W.2d 497, 498 (Tex. App.—Dallas 1990, no writ) (citing *White v. White*, 108 Tex. 570, 579, 196 S.W. 508, 511 (1917); *Huguley v. Bd. of Adjustment*, 341 S.W.2d 212, 217 (Tex. Civ. App.—Dallas 1960, no writ)). In addition, the case Howard cites in support of his argument, *RDO Financial Services Co. v. Powell*, 191 F. Supp. 2d 811, 813 (N. D. Tex. 2002), is easily distinguishable because it involves federal rather than Texas procedure. Even so, it provides that in federal civil actions, the right to a jury trial is protected by the Seventh Amendment but may be waived. *Id.* Thus, Howard's reliance on the Seventh Amendment and *RDO* is not persuasive.

In Texas, even when a jury trial has been requested and a jury fee paid, the case may still be removed from the jury docket if there is no objection from any party. *See, e.g.*, *In re J.N.F.*, 116 S.W.3d 426, 434–35 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Moreover, a lawyer may take action that is binding on the client. *See, e.g.*, *Abramson v. Abramson*, 788 S.W.2d 860, 863 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (holding lawyer's consent to submit case to master was valid but noting that client also participated without objection

4

before discharging her counsel). Here, Howard's counsel stated on the record at the beginning of the trial that the parties had reached an agreement to waive a jury trial. According to Tarrant County, Howard's counsel agreed to waive a jury trial in exchange for Tarrant County's agreement not to seek a ruling on its motion to exclude the medical bills affidavits from Howard's medical providers. We are not aware of any authority—and none has been cited to us by the parties—that a lawyer's consent to waive a jury trial in a civil case is not binding on the client. Thus, we hold that the trial court did not err by accepting the statement by Howard's counsel that the parties had reached an agreement to waive a trial by jury. We therefore overrule Howard's first issue.

## B. Ineffective Assistance of Counsel

Howard argues in his third issue that his attorney was ineffective for waiving a jury trial and by failing to present evidence of Tarrant County's failure to supply safety restraints. However, the constitutional right to effective assistance of counsel has been extended only to certain civil proceedings in Texas. *See In re M.S.,* 115 S.W.3d 534, 544–45 (Tex. 2003) (holding there is a right to effective counsel in parental-rights termination cases); *In re Protection of H.W.,* 85 S.W.3d 348, 355–56 (Tex. App.—Tyler 2002, no pet.) (noting there is a right to effective counsel in involuntary civil commitment cases). This case is a personal injury lawsuit, and Texas courts have expressly declined to extend a right to effective assistance of counsel to personal injury lawsuits. *See Guerrero v. Boyd,* No. 01-07-00465-CV, 2008 WL 5178563, at *1 (Tex. App.—Houston [1st

Dist.] Dec. 11, 2008, no pet.) (mem. op.) ("The Sixth Amendment right to effective assistance of counsel, however, does not extend to civil cases such as this personal-injury lawsuit."); *Parker v. Fort Worth Transp. Auth.*, No. 02-03-00213-CV, 2004 WL 868741, at *1 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.) (overruling issue concerning alleged ineffective assistance of counsel in a civil negligence suit). We therefore overrule Howard's third issue.

## C. Admission of Evidence

Howard contends in his second issue that the trial court erred by admitting his eight prior felony convictions into evidence. Tarrant County responds that the prior convictions are admissible under rule of evidence 609.

A trial court's rulings in admitting evidence are reviewable under an abuse of discretion standard. *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011); *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis in the record for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

Howard is correct in his assertion that evidence of character is not generally admissible in civil cases, *see generally Bexar Cnty. Appraisal Review Bd. v. First Baptist Church*, 846 S.W.2d 554, 562 (Tex. App.—San Antonio 1993, writ denied), but there are several exceptions to the general rule. One such exception is rule of evidence 609. As relevant here, rule 609 states:

(a) General Rule.  For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

(b) Time Limit.  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Tex. R. Evid. 609(a), (b).  Where a party's credibility as a witness is at issue, a conviction that otherwise meets the requirements of rule 609 is admissible in evidence.  *See Oyster Creek Fin. Corp. v. Richwood Inv. II, Inc.*, 176 S.W.3d 307, 316 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

In this case, Tarrant County offered, as defense exhibits two through nine, certified copies of Howard's eight prior felony convictions.  Contained within the exhibits is a May 2006 judgment of conviction for two counts of robbery by threats, for which Howard received concurrent sixty-year sentences.  The other seven exhibits reflect judgments of conviction, all dated April 6, 1995, for robbery by threats and robbery causing bodily injury.  Howard's trial counsel objected that the prior convictions were not relevant, and Tarrant County responded that because the two parties were offering very different versions of what happened during the incident, Howard's credibility was very much at issue in the case.  The trial court overruled the objection and admitted each of the exhibits.

7

Howard's credibility was an issue in this case because his testimony presented a starkly different version of events than the testimony by Deputy Woodson, and the trial court was necessarily required to weigh the credibility of the obviously conflicting testimony. *See generally id.* With that in mind, the certified copy of Howard's May 2006 judgment of conviction for robbery by threat was admissible because it reflected a felony conviction within the applicable time limit and was probative of Howard's credibility. *See id.*; *see also* Tex. R. Evid. 609(a), (b). Howard's 1995 convictions were also admissible because he testified on cross-examination that he was released from confinement for those convictions approximately eighteen months before this incident occurred in January 2006. Thus, he had been released from confinement for the 1995 convictions less than ten years before the June 2010 trial in this case, and rule 609(b) does not preclude their admission into evidence. *See* Tex. R. Evid. 609(b). Each of Howard's convictions are therefore within the parameters of rule 609. *See* Tex. R. Evid. 609(a), (b). Moreover, Howard did not argue at trial and has not argued on appeal that the probative value of his convictions did not outweigh their prejudicial effect. *See* Tex. R. Evid. 609(a). Thus, we cannot conclude that the trial court abused its discretion by admitting into evidence the exhibits reflecting his 2006 and 1995 felony convictions, and we overrule Howard's second issue.

## IV.  Conclusion

Having overruled each of Howard's three issues, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  March 15, 2012